UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GOODLAND FOODS, INC., individually and as the representative of a class of similarly-situated persons, </br></br>　　　　　Plaintiff, </br></br>　v. </br></br>WADDELL, INC., </br>and JOHN DOES 1-10, </br></br>　　　　　Defendants. | No.　4:16 CV 31 JMB |

# MEMORANDUM AND ORDER

This matter is before the Court on Defendant Waddell, Inc.'s ("Waddell") Motions to Dismiss and to Strike Plaintiff's Motion for Class Certification Under Rule 23, or in the Alternative, Motion to Stay Briefing (ECF Nos. 7 and 9), and Plaintiff Goodland Foods, Inc.'s ("Goodland") Dismissal Without Prejudice of Count IV of Plaintiff's Complaint (ECF No. 11) and Motion for Class Certification (ECF No. 19) and responsive pleading filed (ECF No. 23) thereto.  The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).[1]  For the reasons set forth below, Waddell's Motion to Dismiss will be denied and Count IV of the Class Action Petition will be dismissed without prejudice.

---

[1]The Court has consent of the named parties but not the unidentified John Does 1-10.

I.  **Background**

On July 8, 2015, Goodland filed a Class Action Petition ("Petition") in the Circuit Court of St. Louis County, Missouri. (ECF No. 1-1, Petition) Goodland contends that on December 19, 2012, it received an unsolicited fax from Waddell advertising a coffee and water delivery service without obtaining prior express permission or invitation ("junk faxes" or "unsolicited faxes"), and the transmission did not contain the proper opt out notice. (ECF No. 1-1, Petition, Exhibit A) Goodland further contends that Waddell sent the same and other fax advertisements to the members of the proposed classes in Missouri and throughout the United States. In the Petition, Goodland alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and seeks to recover damages and declaratory relief for the violations of the TCPA (Counts I and II). In a Missouri common law conversion count (Count III), Goodland alleges that "[b]y sending Plaintiff and the other class members unsolicited faxes, Defendants improperly and unlawfully converted their fax machines, toner, and paper to its own use. Defendants also converted Plaintiff's employees' time to Defendants' own use." (Petition at ¶¶ 62-68)[2]

Waddell moves to dismiss Counts I and II for failure to state a cause of action upon which relief may be granted, pursuant to Rule 12(b)(6), and to dismiss Count III for lack of subject matter jurisdiction. (ECF No. 7) Waddell also moves to strike Goodland's Motion for Class Certification, or in the alternative to stay briefing. (ECF No. 9)

II.  **Standard of Review**

The purpose of a motion to dismiss for failure to state a claim under Rule 12(b)(6) is to

---

[2]In the original Petition, Plaintiff also sought damages for violations of the Missouri Consumer Fraud and Deceptive Business Practices Act (Count IV). On January 21, 2016, Plaintiff filed a Dismissal Without Prejudice of Count IV. (ECF No. 11)

test the legal sufficiency of the complaint. To survive a motion to dismiss for failure to state a claim upon which relief can be granted, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (discussing motion to dismiss complaint and quoting Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 570 (2007)). A party need not provide specific facts in support of its allegations, but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Twombly, 550 U.S. at 555 & n. 3). A party is required to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. See id. at 555; see also Schaaf, 517 F.3d at 549 (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff). Further, a court should not dismiss the complaint simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Twombly, 550 U.S. at 556. However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." Benton v. Merrill Lynch & Co., 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). Further, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555. When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than

conclusions, are not entitled to the assumption of truth." Id. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. Id.

**III.	Discusssion**

**A.	TCPA - Counts I and II**

The TCPA prohibits the sending of fax advertisements without the express invitation or permission of the recipient or an established business relationship with the recipient. 47 U.S.C. § 227(b)(1)(C). In some instances, the TCPA also requires that an opt-out notice be placed on an advertising fax which can be invoked by the recipient. Id. at § 227(b)(2)(D).

In the Petition, Goodland alleges it received one unsolicited fax advertisement from Waddell which did not have the required opt-out language. (Petition at ¶¶ 10, 17-21)

A review of the Petition and the fax (attached to the Petition as Exhibit A) shows the four-page fax is addressed in a letter format to:

> Attn: Steve
> PS Communications
> 3701 Lindell Blvd.
> St. Louis, MO

(Petition, Exh. A) The fax also contains the greeting "Dear Steve" and provides as follows:

> Steve, try our water at your convenience for one month on us, if you like it, keep it, if you chose not to, we'll pick it up and you won't owe a dime! Again, thank you for your time and consideration. I hope we can be of services to you.

(Id.) The fax is hand-signed and includes a hand-written note thanking Steve at the bottom of the fax. The remaining pages of the fax show various water dispensers and pricing for the various water packages, and an office coffee service menu. (Id.) The fax, read in its entirety, deals with office water and coffee services offered by Waddell.

In the Motion to Dismiss, Waddell contends that Goodland fails to allege a cause of action under the TCPA because the December 19, 2012, fax was solicited. In support, Waddell notes that the Petition "is silent as to whether it or any of its employees gave consent to Defendant to send the fax." (Deft's Memo. at 3)

A review of the Petition shows that Goodland alleges the fax at issue was an unsolicited advertisement. Whether this fax was solicited or not cannot serve as the basis of a motion to dismiss. This case is not at the summary judgment stage. Goodland need not prove its case but merely plead sufficient facts to raise a right to relief above the speculative level. Twombly, 550 U.S. at 555.

A complaint fails to state a claim under Rule 12(b)(6) if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. Here, the Petition sets forth various allegations that the fax was an unsolicited advertisement and contains ample detail to show the plausibility of the allegations. Likewise, the record is not well developed on the issue of whether the fax in question required an opt-out provision. When ruling on a motion to dismiss, the Court must accept as true all factual allegations in the Petition and view them in the light most favorable to Goodland. Accordingly, the Court finds that the allegations in the Petition are sufficient to give Waddell proper notice and that, once the parties conduct discovery, the record may or may not show the fax was unsolicited and making Waddell liable for the damages under the TCPA.

**B. Conversion - Count III**

Waddell argues that, as currently drafted, Count III of the Petition does not allege subject matter jurisdiction for this Court. The undersigned agrees and will order Goodland to file an

Amended Complaint alleging the basis of subject matter jurisdiction for Count III. Next, Waddell argues that Goodland has failed to state a claim for conversion under Missouri law.

Here, Goodland alleges that by sending the unsolicited fax, Waddell "improperly and unlawfully converted their fax machines, toner and paper to its own use. [Waddell] also converted [Goodland's] employees' time to [Waddell's] own use." (Petition at ¶ 62) Goodland further alleges that "[b]y sending the unsolicited fax[], [Waddell] permanently misappropriated the class members' fax machines, toner, paper, and employee time to [Waddell's] use. Such misappropriation was wrongful and without authorization." (Id. at ¶ 64) Finally, Goodland alleges that "[e]ach of [Waddell's] unsolicited faxes effectively stole [Goodland's] employees' time because persons employed by [Goodland] were involved in receiving, routing, and reviewing [Waddell's] unlawful taxes. [Waddell] knew or should have known employees' time is valuable to [Goodland]." (Id. at ¶ 67)

Under Missouri law, "[c]onversion is the unauthorized assumption and exercise of the right of ownership over the personal property of another to the exclusion of the owner's rights." Bradley v. Transp. Sec. Admin., 552 F.Supp.2d 957, 961 (E.D. Mo. 2008) (citation and internal quotation omitted). For a plaintiff to prevail on a conversion claim, the plaintiff must prove: "(1) plaintiff was the owner of the property or entitled to its possession; (2) defendant took possession of the property with the intent to exercise some control over it; and (3) defendant thereby deprived plaintiff of the right to possession." Id.

At the pleading stage of these proceedings, the Court finds Goodland's allegations for conversion of the fax machines, toner, paper, and employees' time state a claim for conversion that is plausible on its face and sufficient to survive a motion to dismiss. Indeed, other courts in

this district have found similar allegations for conversion of the fax machines, toner, paper, and employees' time to be sufficient to survive a motion to dismiss at this stage of the proceedings. Geismann v. Bryam Healthcare Ctrs., Inc., No 4:09 cv 1980 HEA, 2010 WL 1930060, at * 3 (E.D. Mo. May 10, 2010); Giesmann v. American Homepatient, Inc., 4:14 cv 1538 RLW, 2015 WL 3548803, at * 4 (E.D. Mo. June 8, 2015). Thus, Waddell's Motion to Dismiss Goodland's conversion claim in Count III will be denied.

**C. Strike Motion for Class Certification, or in the Alternative, Stay Briefing**

On the same day Goodland filed its Class Action Petition, Goodland also filed a Motion for Class Certification requesting "additional time to file an Amended Class Certification Motion and Memorandum of Law after the Court sets up an appropriate discovery schedule." (ECF No. 9 at ¶ 11)

In its Memorandum in Opposition to Defendant's Motion to Dismiss and Alternative Motion to Strike Class Allegations or Stay Briefing on Class Certification (ECF No. 23), Goodland agrees to stay briefing on the Motion for Class Certification until after discovery is completed. The Court will grant in part Goodland's motion and stay briefing as ordered below. Accordingly,

**IT IS HEREBY ORDERED** that Waddell's Motion to Dismiss (ECF No. 7) is DENIED.

**IT IS FURTHER ORDERED** that no later than March 28, 2016, Goodland shall file an Amended Complaint including the basis of subject matter jurisdiction for Count III.

**IT IS FURTHER ORDERED** that Waddell's Motion to Strike Plaintiff's Motion for Class Certification Under Rule 23, or in the Alternative, Motion to Stay Briefing (ECF No. 9) is

GRANTED to the extent Waddell seeks to stay briefing until after discovery is completed.

**IT IS FURTHER ORDERED** that pursuant to Plaintiff's Dismissal Without Prejudice of Count IV of Plaintiff's Complaint (ECF No. 11), Count IV will be DISMISSED WITHOUT PREJUDICE.

Dated this 17th day of March, 2016.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE